```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CHAD CARHART on his own behalf and
others similarly situated,

               Plaintiff,

vs.                                   Case No. 2:08-cv-224-FtM-29SPC

GULFSTREAM HOMES, INC. a Florida
corporation,

               Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction (Doc. #14) filed on April 25, 2008. Defendant filed a Response (Doc. #15 on May 6, 2008.

**I.**

Plaintiff mounts a facial attack on the subject matter jurisdiction of the court to consider the counterclaim. A facial attack challenges subject matter jurisdiction based on the allegations in the complaint; the court takes the allegations in the complaint as true, and the complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003). Chad Carhart (Carhart or plaintiff) filed a one count Complaint claiming that he was denied overtime pay in violation of the Fair Labor Standards Act (FLSA). (Doc. #1, p. 3.) Defendant filed an Answer and a two

count counterclaim against plaintiff. (Doc. #10.) The counterclaim alleges that Carhart was provided with a company car, which was returned to defendant with a missing bumper, mirror and radio. (Doc. #10, p. 3.) The counterclaim seeks damages from Carhart for negligence (Count I) and conversion (Count II). (Id. at pp. 3-4.)

**II.**

Plaintiff moves to dismiss the counterclaim for lack of subject matter jurisdiction. Plaintiff admits that federal courts generally have supplemental jurisdiction over counterclaims which are sufficiently related to the allegations asserted in the Complaint. (Doc. #14, pp. 1-2.) However, plaintiff argues that defendant's counterclaim in this case is wholly unrelated to the allegations in the Complaint and thus cannot be considered by this Court. (Id. at p. 1.)

Defendant counters that this Court has supplemental jurisdiction over the counterclaim because its two counts are compulsory and not permissive. In the alternative, defendant asserts that "even if the Court finds that it does not have supplemental jurisdiction over . . . Gulfstream's counterclaim, the Court can still exercise jurisdiction over a permissive counterclaim where the counterclaim is seeking only a setoff." (Doc. #15, p. 3.)

**A.**

Defendant's two claims arise under state law and thus the Court has no independent federal jurisdiction to hear the claims. However, the Court can exercise supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a); see also FED. R. CIV. P. 13(a); Arcusa v. Lisa Coplan-Garder, P.A., 2007 WL 3521986, at *1 (M.D. Fla. Nov. 15, 2007)(holding that in order to have supplemental jurisdiction over the state law claims, it must be shown that the state law claims presented are compulsory, rather than permissive.)

The Court agrees with plaintiff that both counts of the counterclaim are wholly unrelated to the allegations of the Complaint. There is no relationship between the issue of whether defendant failed to pay plaintiff overtime wages and whether plaintiff failed to maintain and return his company vehicle in good condition. Most of the facts relating to the prosecution and defense of Carhart's claim are distinct from the facts needed to litigate defendant's counterclaim. Therefore, the Court finds that the negligence and conversion counterclaims are unrelated to the FLSA claim and thus are permissive rather than compulsory. See FED. R. CIV. P. 13(b)(defining permissive counterclaims as a counterclaim against an opposing party which is not compulsory.)

**B.**

This Court's conclusion that the counterclaims are permissive rather than compulsory does not mean that they must be dismissed. Courts have recognized that permissive counterclaims, with no independent basis for federal jurisdiction, can proceed forward when the counterclaim is seeking only a setoff. See, e.g., Cole v. Supreme Cabinets, Inc., No. 3:06-cv-772-J-33TEM, 2007 WL 1696029, *4 (M.D. Fla. June 12, 2007); Robinson v. Roofs, Structures & Mgmt., Inc., No. 8:07-cv-1518-T-24TBM, 2007 WL 4468695, *2 (M.D. Fla. Dec. 18, 2007)(collecting cases). The counterclaim for setoff can only be used to reduce the plaintiff's recovery, and cannot seek affirmative relief. See Cole, 2007 WL 1696029, at *4. Therefore, the Court will deny plaintiff's Motion to Dismiss, and allow defendant's counterclaim to go forward only as a setoff for the purpose of reducing any recovery plaintiff may obtain on his Complaint. The Court need not decide at this time the extent of the setoff which will be allowed if defendant prevails on the counterclaim. See, e.g., Singer v. City of Waco, 324 F.3d 813, 828 n.9 (5th Cir. 2003)(citing Brennan v. Heard, 491 F.2d 1 (5th Cir. 1974))(noting that an offset should not result in an employee's wages falling below the statutory minimum wage.)

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction (Doc. #14) is **DENIED**. Gulfstream Homes, Inc. may maintain its counterclaim solely as a setoff.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of June, 2008.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record