UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHAD CARHART and WILLIAM COE
     Plaintiffs,

vs.           Case No. 2:08-cv-224-FtM-29SPC

GULFSTREAM HOMES, INC. a Florida
corporation,

     Defendant.
_____

**OPINION AND ORDER**

   This matter comes before the Court on plaintiffs' Motion for Entry of Default Final Judgment (Doc. #44) filed on December 24, 2009. No response has been filed and the time to respond has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

  On March 17, 2008, plaintiff Chad Carhart (Carhart), a salaried non-exempt field manager, filed a Complaint against his employer Gulfstream Homes, Inc. (defendant or Gulfstream) seeking recovery of overtime compensation for hours worked in excess of a 40 hour workweek. On April 16, 2008, defendant appeared and filed an Answer, Affirmative Defenses, and Counterclaim (Doc. #10). On June 12, 2008, the Court entered an Opinion and Order (Doc. #18) denying a motion to dismiss the counterclaim but allowing it to proceed only as a setoff. On August 15, 2008, William Coe (Coe)

filed a Notice of Consent to Joint [sic] (Doc. #21-1) the suit as a plaintiff.

After entry of a Scheduling Order (Doc. #22), plaintiff filed answers to the Court's Interrogatories (Doc. #23-1) and opt-in plaintiff Coe also filed answers to the Court's Interrogatories (Doc. #25-1). In response, defendant filed a Verified Summary of Hours Worked (Docs. #24, #26) with regard to each plaintiff. On April 1, 2009, plaintiff obtained leave and filed an Amended Complaint (Doc. #34) to formally add Coe as a plaintiff, and on April 15, 2009, defendant filed an Answer, Affirmative Defenses, and Counterclaim[1] to Amended Complaint (Doc. #35).

On July 17, 2009, counsel for defendant was permitted to withdraw and additional time to obtain new counsel was provided. On September 18, 2009, finding no appearance by new counsel, the Magistrate Judge issued an Order to Show Cause (Doc. #39), and the deadlines were stayed. Still finding no appearance, the Magistrate Judge directed to issuance of a default against defendant. On November 25, 2009, a Clerk's Entry of Default (Doc. #43) was issued. Therefore, the Answer and Affirmative Defenses (Doc. #35) are stricken and will not be considered. All prerequisites for a default judgment are present and a motion pursuant to FED. R. CIV. P. 55(b) is currently before the Court.

---

[1] The Court notes that no Counterclaim is actually contained therein, an the Court previously stated that the counterclaim could only proceed as a setoff. (Doc. #18.)

**II.**

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[2]

In the Amended Complaint, plaintiffs allege that Carhart and Coe were non-exempt salaried "Project Manager" or "Field Managers" for defendant in Collier County, Florida. Plaintiffs allege that they were engaged in interstate commerce and defendant is a covered enterprise. Plaintiffs allege that defendant mis-classified them as exempt when their primary duties were actually "blue collar." As a result, plaintiffs were not paid time and one-half of their regular pay for all hours worked in excess of the 40 hour workweek.

The Court finds that the Amended Complaint is sufficiently pled to state a claim for failure to pay overtime compensation, when considered with the Affidavit regarding the gross annual sales of Gulfstream and defendant's default. Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1264-65 (11th Cir. 2006); Turcios v.

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

-3-

Delicias Hispanas Corp., 275 Fed. Appx. 879, 882-83 (11th Cir. 2008).

## III.

**Carhart:**

In response to the Court's interrogatories, Carhart stated that he was employed by defendant from approximately March 2005 until March 2007, he worked Monday through Friday, from 7:00 a.m. until 8:00 p.m., and occasionally on Sundays and Saturdays from 8:00 a.m. until 1:00 p.m., on construction related matters. Carhart was initially paid $35,000.00 and within a year he was making $70,000.00. (Doc. #23-1.) Carhart's Affidavit (Doc. #44-1) provides that he was paid $1,250.00 per week and worked 65 hours per week, and that he was advised that the "salary was intended to compensate [him] for all of the hours [he] worked during the work week." (Id. at ¶ 4.) Carhart also states that Gulfstream grossed in excess of $500,000 in annual sales. (Id. at ¶ 6.)

In its Verified Summary of Hours Worked, defendant states that it did not keep records of the hours worked because Carhart was treated like an exempt, salaried employee, but the nature of the job and workload did not call for working more than forty hours per week, and it was never claimed that he worked over 40 hours in a workweek before filing suit. Carhart spent a substantial amount of hours being "on-call" during regular working hours, and the community did not permit Gulfstream to operate in the community on

weekends without permission.  Carhart was paid twice a month, at varying rates of pay, and received bonuses.

**Coe:**

In response to the Court's interrogatories, Coe states that he was employed by defendant from January 2005 until August 2006, approximately 84 weeks, and typically worked from Monday through Saturday at 7:00 a.m. to an unspecified time, and occasionally on Sundays.  Coe worked as a Field Manager on construction related matters and was at no time during his employment responsible for supervising and/or managing Gulfstream employees.  (Doc. #25-1, ¶ 4.)  Coe was initially paid $52,000.00 annually, until the time of separation where he departed at $78,000.00.  Coe worked approximately 30 hours over the regular workweek.  In his Affidavit (Doc. #44-2), Coe states that he was paid approximately $1,000.00 per week, and typically worked 70 hours a week.  Coe was also advised that his salary was intended to compensate him for all hours worked during the workweek, that he did not receive overtime compensation, and that Gulfstream grossed in excess of $500,000 in annual sales.

In its Verified Summary of Hours Worked, defendant states that it did not keep records of the hours worked because Coe was treated like an exempt, salaried employee, but the nature of the job and workload did not call for working more than forty hours per week, and it was never claimed that he worked over 40 hours in a workweek before filing suit.  From November 2005 to August 2006, Coe worked

a reduced workload because he accepted the position of Senior Field Manager and therefore assisted in the training and supervision of completed work of a small number of field managers. Carhart was paid twice a month, at varying rates of pay, and received bonuses.

An approximation of the hours by affidavit is appropriate when records are unavailable. See Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375-76 (11th Cir. 1999)(collecting cases)(citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946)); Brock v. Norman's Country Market, Inc., 835 F.2d 823 (11th Cir. 1988). In this case, defendant's Verified Summaries of Hours Worked, plus the attached record, provides a detailed summary of Carhart and Coes' salary, actual number of weeks worked, and bonuses. Therefore, the Court will use this information to determine overtime.

## IV.

**Carhart:**

Carhart worked approximately 25 hours of overtime a week, or 65 hours total a week, for a period of 53 weeks based on the figures provided by defendant. Carhart also earned $4,800.00 in bonuses during his employment, which amounts were not considered as part of the "regular rate" of pay. 29 U.S.C. § 207(e). Counsel estimated 70 hours of overtime, despite the Affidavit stating to the contrary, at an average of $35,000 for one year and $70,000 for the second year, for two complete 52 week periods, resulting in twice the amount of overtime owed. The Court rejects this

approximation and has calculated the appropriate amount as provided below:

| Dates | Annual Salary | Hourly rate[3] | Number of weeks worked at rate | Overtime amounts[4] | Overtime for weeks worked[5] |
|---|---|---|---|---|---|
| Mar. 15-31, 2005 | $35,000.00 | $10.36 | 2 | $129.50 | $259.00 |
| Apr. 1-June 30, 2005 | $45,000.00 | $13.31 | 12 | $166.37 | $1,996.44 |
| July 1-Oct. 31, 2005 | $50,000.00 | $14.79 | 16 | $184.87 | $2,957.92 |
| Nov. 1, 2005-Dec. 31, 2005 | $55,000.00 | $16.27 | 8 | $203.37 | $1,626.96 |
| Jan. 1-Mar. 15, 2007 | $60,000.00 | $17.75 | 15 | $221.87 | $3,328.05 |
| **TOTAL** | - | - | **53** | - | **$10,168.37** |

Therefore, Carhart is entitled to $10,168.37.

**Coe:**

Coe worked approximately 30 hours of overtime a week, or 70 hours total a week, for a period of 81 weeks based on the figures

---

[3] The hourly rate was calculated by dividing the annual salary by 52 weeks and further dividing it by the total amount of hours worked in the week (65).

[4] The weekly amount of overtime owed at the specific rate for the time period was calculated by multiplying the hourly rate by half (0.5) by 25 (the number of overtime hours).

[5] This was calculated by multiplying the overtime amount for the week by the number of weeks applicable.

provided by defendant. Coe also earned $8,252.54 in bonuses during his employment, which amounts were not considered as part of the "regular rate" of pay. 29 U.S.C. § 207(e). Counsel estimated 70 hours of overtime, at an average annual salary of $65,000 for 84 weeks, which results in amount lower than would Coe is entitled to receive. The Court rejects this approximation since precise information is available and was made available to counsel during litigation. The overtime will be calculated as provided below:

| Dates | Annual Salary | Hourly rate[6] | Number of weeks worked at rate | Overtime amounts[7] | Overtime for weeks worked[8] |
|---|---|---|---|---|---|
| Dec. 27-31, 2004 | $50,000.00 | $13.74 | 1 | $206.10 | $206.10 |
| Jan. 1-March 31, 2005 | $52,000.00 | $14.28 | 12 | $214.20 | $2,570.40 |
| Apr. 1-Apr. 30, 2005 | $65,000.00 | $17.86 | 4 | $267.90 | $1,071.60 |
| May 1-Dec. 31, 2005 | $69.080.00 | $18.98 | 32 | $284.70 | $9,110.40 |
| Jan. 1-Aug. 31, 2006 | $73,084.00 | $20.08 | 32 | $642.56 | $20,561.92 |

---

[6]The hourly rate was calculated by dividing the annual salary by 52 weeks and further dividing it by the total amount of hours worked in the week (70).

[7]The amount of overtime owed at the specific rate for the specific time period was calculated by multiplying the hourly rate by half (0.5) by 30 (the number of overtime hours).

[8]This was calculated by multiplying the overtime amount for the week by the number of weeks applicable.

| TOTAL | - | - | 81 | - | $33,520.42 |

Therefore, Coe is entitled to $33,520.42.

Carhart and Coe are entitled to "an additional equal amount as liquidated damages" under 29 U.S.C. § 216(b), unless "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." In this case, defendant's Verified Summaries both state no records of hours worked were kept because plaintiffs were treated as exempt, salaried employees, and it was unaware of them ever working more than 40 hours in a workweek. Although this addresses the "in conformity with" component for good faith, the Summaries do not state that defendant also acted "in reliance on" a regulation, order, ruling, approval, interpretation, practice, or enforcement policy. 29 C.F.R. § 790.13(a); Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1566-67 (11th Cir. 1991). Therefore, liquidated damages will also be awarded.

## V.

Plaintiffs seek costs in the amount of $551.55, but do not seek attorney's fees. The cost of the filing fee, $350.00, will be permitted, along with the cost of process service, $145.00, as

reasonable and taxable costs of the action. 28 U.S.C. § 1920. The Court finds that the remaining amounts for travel expenses, legal research, phone calls, and other unexplained "American Express" charges are standard operating expenses and overhead, and should not be awarded against defendant as "costs of the action[9]." Therefore, $495.00 in costs will be taxed.

Accordingly, it is now

**ORDERED:**

1. Defendant's Answer and Affirmative Defenses (Doc. #35) are **stricken** in light of the default. The Counterclaim is dismissed without prejudice.

2. Plaintiffs' Motion for Entry of Default Final Judgment (Doc. #44) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that Plaintiff Chad Carhart is awarded $10,168.37, plus liquidated damages, for a total of **$20,336.74**; plaintiff William Coe is awarded $33,520.42, plus liquidated damages, for a total of **$67,040.84**; and taxable costs in the amount of **$495.00** are taxed against defendant.

3. The Clerk shall enter judgment in favor of plaintiffs and against defendant accordingly, send a certified copy of this Order to Michael Peel, President of Gulfstream Homes, Inc., 2323 Tarpon

---

[9]Under 29 U.S.C. § 216(b), "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Road, Naples, Florida 34102, terminate all deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of February, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record